UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL STILLWELL, | ) | |
| | ) | Case No. |
| *Plaintiff*, | ) | |
| | ) | Jury Demanded |
| v. | ) | |
| | ) | |
| EVANSTON INSURANCE COMPANY and | ) | |
| MARKEL INSURANCE COMPANY, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**NOTICE OF REMOVAL OF DEFENDANTS,
EVANSTON INSURANCE COMPANY AND MARKEL INSURANCE COMPANY**

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

**PLEASE TAKE NOTICE** that Defendants, Evanston Insurance Company (hereinafter "Evanston") and Markel Insurance Company (hereinafter "MIC") (together, "Defendants"), by and through their attorneys, Hinshaw & Culbertson LLP, hereby file this Notice of Removal from the Court of Common Pleas of Philadelphia County, Pennsylvania, Civil Action-Law No. 230702138 in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof, states as follows:

1.    On July 21, 2023, Plaintiff, Michael Stillwell ("Plaintiff" or "Stillwell"), filed the instant lawsuit styled *Michael Stillwell v. Evanston Insurance Company and Markel Insurance Company*, in the Court of Common Pleas of Philadelphia County, Pennsylvania, Civil Action-Law No. 230702138. (A true and correct copy of the Complaint, together with Exhibits, is attached as Exhibit "A.")

**REMOVAL IS TIMELY**

2.    Plaintiff served Defendant Evanston with the Summons and Complaint on July 26, 2023 via certified mail.

3.    Plaintiff served Defendant MIC with the Summons and Complaint on July 26, 2023 via certified mail.

4.    Defendant Evanston first received notice of the lawsuit against it when it received a copy of the Summons and Complaint on July 26, 2023. (A true and correct copy of Affidavit of Service as to Evanston is attached as Exhibit "B").

5.    Defendant MIC first received notice of the lawsuit against it when it received a copy of the Summons and Complaint on July 26, 2023. (A true and correct copy of Affidavit of Service as to MIC is attached as Exhibit "C").

6.    This notice of removal is filed within thirty (30) days of Defendants' receipt of the Complaint and, therefore, is timely under 28 U.S.C. § 1446(b).

**DIVERSITY OF CITIZENSHIP**

7.    This is a civil action that may be removed to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

8.    Based upon the allegations of the Complaint, Plaintiff is an individual citizen and resident of the Commonwealth of Pennsylvania.

9.    Therefore, Plaintiff is a citizen of the Commonwealth of Pennsylvania and is domiciled in the Commonwealth of Pennsylvania. *See Freidrich v. Davis*, 767 F.3d 374, 375 (3d Cir. 2014) (holding that the citizenship of an individual is determined by his or her domicile, which is the place of his or her true, fixed, and permanent home and place of habitation "to which, whenever he is absent, he has the intention of returning").

10.     At the time of the commencement of this action and at the time of this filing, Evanston is organized and existing under the laws of the State of Illinois.

11.     At the time of the commencement of this action and at the time of this filing, Evanston is a corporation having its principal place of business in the State of Illinois.

12.     Therefore, Evanston is a citizen of the State of Illinois and is domiciled in the State of Illinois.

13.     At the time of the commencement of this action and at the time of this filing, MIC is organized and existing under the laws of the State of Illinois.

14.     At the time of the commencement of this action and at the time of this filing, MIC is a corporation having its principal place of business in the Commonwealth of Virginia.

15.     Therefore, MIC is a citizen of the State of Illinois and is domiciled in the Commonwealth of Virginia.

16.     Based on the foregoing, complete diversity exists between the parties in this matter.

17.     The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332.  All parties to this action are diverse as Plaintiff is a citizen of Pennsylvania and Defendants are citizens of different states, Virginia and Illinois, and, thus, there is complete diversity under 28 U.S.C. §1332(a)(1).

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

18.     Furthermore, Plaintiff's Complaint demands judgment against Defendants for actual damages well over $75,000.00.

19.     This is a declaratory judgment action wherein Plaintiff seeks a declaration that Evanston and MIC have a duty to defend and indemnify Plaintiff in connection with the appeal of an arbitration award and final judgment entered against him in the amount of $508,177.71 arising

out of alleged construction defects at a home located on South Darien Street in Philadelphia, Pennsylvania. (*See* Exhibit "A" at paragraph 61-62).

20.     Because Plaintiff's action seeks indemnity of a $508,177.71 arbitration award and final judgment from Evanston, the lawsuit satisfies the amount in controversy requirement.

21.     Plaintiff also seeks compensatory, consequential, and punitive damages with respect to his causes of action for breach of contract, common law bad faith and statutory bad faith against Evanston and MIC. In addition, Plaintiff seeks an award of attorney fees for prosecuting the declaratory judgment action. (*Id.* at paragraph 63, 85-86, 104-106, 120-121).

22.     Based on the allegations of Plaintiff's Complaint, the amount in controversy exceeds the jurisdictional limit of $75,000.00 established by 28 U.S.C. § 1332(a). *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("in calculating the amount in controversy, we must consider potential attorney's fees"); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied").

23.     Accordingly, this Honorable Court has the authority to exercise jurisdiction over this matter by virtue of 28 U.S.C. § 1332, *et seq.* and 28 U.S.C. § 1441, *et seq.*

**FILING OF REMOVAL PAPERS**

24.     Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal with the Court, a true and correct copy of the same is being served on Plaintiff and filed with the Philadelphia County Clerk of Court, where this case was originally filed.

25.     Defendants file herewith as Exhibit "D" copies of all additional process, pleadings and orders served upon them in this action not otherwise included in Exhibits A, B, and C as part of this Notice.

26.    No previous application for relief sought herein has been made to this Court or any other court.

**WHEREFORE**, Defendants Evanston and MIC respectfully request that this Court will consider this Notice for Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to effect the removal of this cause of action from the Court of Common Pleas, Philadelphia County, to this Court; and that this Court will make such orders as may be appropriate to effect the preparation and filing of a true record of all proceedings that may have been had in the Court of Common Pleas.

HINSHAW & CULBERTSON LLP

Dated: August 24, 2023

/s/ Mitchell Zipkin
 Mitchell E. Zipkin
mzipkin@hinshawlaw.com

*Attorneys for Defendants, Evanston
Insurance Company, and Markel Insurance
Company*